IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,525-01



 



EX PARTE NEWMAN ELMO JONES III, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-01-19324 IN THE 91ST DISTRICT COURT


FROM EASTLAND COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to twenty years' imprisonment. The Eleventh Court of Appeals dismissed his
appeal. Jones v. State, No. 11-04-00136-CR (Tex. App.-Eastland, Feb. 2, 2006, pet. ref'd). 

 Applicant contends, among other things, that during punishment trial counsel failed to
present mitigation testimony of twenty-five witnesses and to interview and call an expert on the
treatment and rehabilitation of sex offenders. On October 8, 2008, we remanded this application for
findings of fact and conclusions of law. On remand, the trial court made findings of fact and
concluded that trial counsel's performance was not deficient and that Applicant was not prejudiced.
We believe that the record is not sufficient to resolve Applicant's claims and should be further
developed. Accordingly, the trial court shall hold a live evidentiary hearing.

 Applicant appears to be represented by counsel. If he is not, the trial court shall determine
whether he is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial
court shall appoint an attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 After the hearing, the trial court shall make further findings of fact as to whether the
performance of Applicant's trial counsel during punishment was deficient and, if so, whether
counsel's deficient performance prejudiced Applicant. The trial court shall also make findings on
the credibility of trial counsel and other witnesses who testify at the hearing. The trial court shall
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing the
court reporter's notes from the hearing, along with the trial court's supplemental findings of fact and
conclusions of law, shall be returned to this Court within 120 days of the date of this order. The
reporter's record of the adjudication of guilt hearing shall also be returned to this Court within 120
days of the date of this order. Any extensions of time shall be obtained from this Court.



Filed: June 24, 2009

Do not publish